```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION


PAMELA LADD, o/b/o J.J.L.G.,    *
                                *
     Plaintiff,                 *
                                *
vs.                             *    CIVIL ACTION NO. 13-00088-B
                                *
CAROLYN W. COLVIN,              *
Commissioner of Social Security,*
                                *
     Defendant.                 *
```

## ORDER

This matter is before the Court on Plaintiff's Application For Attorney Fees Under the Equal Access to Justice Act ("EAJA") and the response of Defendant, the Commissioner of Social Security. (Docs. 21, 24). On October 29, 2013, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 16). Thus, this case was referred to the undersigned to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 18). Upon consideration of the pertinent pleadings, the undersigned finds that Plaintiff's motion is due to be **GRANTED,** and that Plaintiff is entitled to a reasonable attorney's fee award in the amount of **$930.00** under the EAJA for legal services rendered by her attorney in this Court.

I.  **Findings Of Fact**

Plaintiff commenced this action on February 25, 2013. (Doc. 1).

On March 25, 2014, the undersigned entered an Order and Judgment reversing and remanding this cause to the Commissioner of Social Security for further proceedings. (Docs. 19, 20).

On June 5, 2014, Plaintiff filed a Motion for Attorney's Fees under the EAJA,[1] and requested an attorney's fee award of $930.00. (Doc. 21). The sum requested represents a total of 5.0 hours, at an hourly rate of $186.00 per hour, for attorney time spent representing Plaintiff in this Court. (Id. at 4). Defendant has filed a Response in which she states that she has no objection to Plaintiff's fee request or the amount of the fee request and that she consents to an award of $930.00 in attorney's fees, payable to Plaintiff.[2] (Doc. 24 at 1). For the reasons set forth herein, the Court finds Plaintiff is entitled to an award of attorney's fees under the EAJA and that the hourly rate utilized to calculate her attorney's fees is due to be adjusted upward to take into account the prevailing market rate for social security cases in the Southern District of Alabama.

---

[1] One of the requirements for eligibility for an attorney's fee award under the EAJA is that the claimant must show that she is a prevailing party in a non-tort suit involving the United States. 28 U.S.C. § 2412(d)(1)(B). It is undisputed in this case that Plaintiff meets this requirement.

[2] The Court observes that under the EAJA, "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008).

2

**II. Conclusions Of Law**

The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). See also Jean v. Nelson, 863 F.2d 759, 772-73 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), aff'd sub nom, Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990).

**A.  EAJA Hourly Rate**

The EAJA (as amended)[3] provides, in relevant part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall *not* be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost**

---

[3] On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour. See, e.g, Winters v. Astrue, 2012 U.S. Dist. LEXIS 59791, *3 n.2, 2012 WL 1565953, *2 n.2 (S.D. Ala. April 9, 2012). These amendments apply to civil actions commenced on or after the date of enactment. Id. Therefore, the statutory cap of $125.00 per hour applies in this present action.

3

> **of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added). In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

<u>Id.</u> at 1033-34 (citations and footnote omitted).

The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. <u>Lucy v. Astrue</u>, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In <u>Lucy</u>, the following formula, based on the CPI, was utilized:

> ($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.

<u>Id.</u> at *13-14. The "temporal midpoint" is calculated by counting the

4

number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. Id. at *5-6.

The undersigned finds, based on the Lucy decision, that the formula utilized by the Court in Lucy is the proper method in this District for determining the attorney fee rate in cases such as these. The Complaint in this action was prepared and filed on February 25, 2013, and the Order and Judgment were issued by the undersigned on March 25, 2014. (Docs. 1, 19, 20). The number of days between those two dates is 393; thus making September 9, 2013, the "temporal midpoint" between those two dates. The CPI-U for September of 2013 is 227.876. Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 227.876/152.4. This calculation yields an hourly rate, adjusted for "cost of living" increases, of $186.90. Accordingly, based on the formula set forth in Lucy, the undersigned finds that an hourly rate of $186.90 is appropriate.[4]

### B. Reasonableness of Hours

With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and

---

[4] Plaintiff has requested an hourly rate of $186.00, as opposed to $186.90. (Doc. 21 at 1). Because the difference in the calculation using these two rates is *de minimis*, the Court will simply apply the rate requested by Plaintiff.

5

hourly rates." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1306.

In the case sub judice, Plaintiff has attached to her motion a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 21 at 4). The undersigned has reviewed this document and has considered the circumstances presented, as well as the usual number of hours billed by attorneys in similar actions. See, e.g., Carter v. Astrue, 2012 U.S. Dist. LEXIS 132089, *4-5, 2012 WL 4077289, *2 (M.D. Fla. Sept. 17, 2012) (awarding attorney's fees under the EAJA and finding 14 hours of attorney time in a social security case to be reasonable). The Court agrees that 5.0 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court. Thus, considering 5.0 hours of work performed at a rate of $186.00 per hour, Plaintiff is entitled to attorney's fees of $930.00.

**III. CONCLUSION**

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge finds that Plaintiff's Application For Attorneys Fees Under the Equal Access to Justice Act is due to be and hereby is **GRANTED**, and Plaintiff is hereby **AWARDED** a reasonable

attorney's fee in the amount of **$930.00** under the EAJA for legal services rendered by her attorney in this Court.

DONE this **9th** day of **July, 2014.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**